**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

UNITED STATES OF AMERICA

vs.                                                                    CASE NO. 6:98-CR-99-ORL-19KRS

JAN SCHNEIDERMAN

_____

ORDER

This case was considered by the Court on the Government's Motion for Reduction in Sentence Pursuant to Fed. R. Crim. P. 35(b) (Doc. No. 2126, filed December 5, 2008), Order of the Court (Doc. No. 2127, filed December 8, 2008), and Defendant Jan Schneiderman's Memorandum in Response to the Government's Motion for Reduction of Sentence (Doc. No. 2130, filed December 29, 2008). The Court held a hearing on the Motion for Reduction in Sentence (Doc. No. 2126) on April 24, 2009 which was attended in person by counsel for the Government and counsel for Ms. Schneiderman, and Defendant Jan Schneiderman who by consent attended by video conference.

Upon consideration:

The Government requests in its motion a four-level departure based on the cooperation of Defendant Schneiderman since her sentencing, stating specifically that Defendant Schneiderman entered into a written proffer agreement with the Government to provide information, including but not limited to, information regarding the whereabouts of her co-defendant Sholam Weiss, regarding individuals in Brazil who might be associating with Weiss while he was a fugitive in that country, and the location of Weiss when he was captured in Austria in 2000.

Since her conviction, Defendant Schneiderman also spent considerable time with the United States and counsel for Donna Lee Williams, Delaware Insurance Commissioner and Statutory Receiver's counsel helping them trace Weiss' criminal proceeds, which has aided both forfeiture litigation and civil litigation brought by the Receiver to recover funds secreted by Weiss and his associates. Defendant Schneiderman has provided the Receiver's attorneys and financial experts with access to all available source information allowing them to trace all proceeds stolen from National Heritage Life Insurance Company, of which she was aware, which were diverted through her accounts. Further, Jan Schneiderman instructed her family members to cooperate with the Receiver.

Ms. Schneiderman provided credible testimony in an ancillary proceeding involving the Stonewell Corporation and the Center Point Mall Mortgage. Based in part on Schneiderman's testimony, the United States obtained a Final Order of Forfeiture for the approximately $2.2 million in proceeds from the sale of the Center Point Mall Mortgage, which funds were found to be the property of Weiss, not Richard Gladstone or the Stonewell Corporation.

Defendant Scheiderman has also provided substantial assistance to the Receiver in the matters of <u>Williams, et al. v. Lyle K. Pfeffer, Isaac Nussen, Ghidale Weisz a/k/a George Weisz, Jarnow Corp., Shilaat Corp., United Ventures Group, Inc., Ados Equities and Jasper Properties Corp.</u>, <u>Williams v. Congregation Yetev Lev, et al.</u>, <u>Williams v. Goldy Feig, et al.</u>, and <u>Williams v. Congregation Yetev Lev, et al.</u> Schneiderman is prepared to testify at trial in the future with reference to any pending litigation.

She has also provided substantial assistance to the Northern District of Ohio in connection with a drug trafficking and money laundering investigation. The information

provided by Ms. Schneiderman was instrumental in the Northern District of Ohio's opening of an investigation into previously unknown co-conspirators. Those targets have now been successfully prosecuted.

At the hearing the assistance of Defendant was further delineated for the Court by counsel and by Defendant.

The Court finds that Defendant has provided substantial assistance to the Government. The Government's Motion for Reduction in Sentence (Doc. No. 2126) is **GRANTED** as follows:

1. Defendant's Advisory Guideline Range is **REDUCED 6 LEVELS** to Total Offense Level 34, Criminal History Category I (151 to 188 months).

2. The Judgment in a Criminal Case (Doc. No. 1401, filed March 29, 2000) is **AMENDED** to provide:

   a. The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **156 months** as follows:

   156 months on Counts 1 and 2; 54 months on Counts 40, 64, 66-71, 81, 82 and 83 to be served concurrent to each other and to Counts 1 and 2; and 40 months on Counts 14, 15, 26, 30, 31, 37-39, 72-80, 84 and 85 to be served concurrent to each other and concurrent to all other Counts for a total termof imprisonment of **156 months.**

In all other respects, the Judgment in a Criminal Case (Doc. No. 1401) remains in full force and effect and is otherwise unamended.

3. The Court has considered the factors enumerated in 18 United States Code Section 3553 and the applicable guidelines and policy statements issued by the U.S. Sentencing Commission in imposing this sentence.

4. Defendant is advised of her right to appeal. To the extent permitted by law

and any Plea Agreement, Defendant has a right to file an appeal of this Order **within ten (10) days** from its filing with the Clerk of Court. Failure to timely file a Notice of Appeal will result in waiver of the right to appeal. The Government may file an appeal from this Order. Defendant is entitled to the assistance of counsel if an appeal is filed, and if she cannot afford an attorney the Court will appoint one to represent her on the appeal at no charge or cost to Defendant.

**DONE AND ORDERED** at Orlando, Florida, this ___24th___ day of April, 2009.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies to:
Assistant United States Attorney
Attorney for Defendant
United States Marshal
United States Probation
United States Pretrial Services
Defendant